Benjamin Bbenneb, J.
The judgment creditor moves, pursuant to section 795 of the Civil Practice Act, for permission to sue certain persons alleged by him to be indebted to the judgment debtor. Service of these papers was made upon attorneys who appear specially and who assert that they have no authority to accept such service. They did appear at an examination of one of the parties against whom the judgment creditor desires to institute the action. But the service upon them of the papers on the instant motion is not only in behalf of the individual they did represent but in behalf of other individuals against whom they wish to institute the action, as well.
The supplementary proceedings, of which this is a part, were originally instituted in the City Court, Kings County. The judgment creditor had made a motion, pursuant to section 794 of the Civil Practice Act, in the City Court, New York County. The latter motion was denied without prejudice to the institution of an action under section 795 of the Civil Practice Act “in the proper venue”. While Kings County appears to be the proper venue, it is not clear why the instant motion is brought in this court rather than in the City Court, Kings County, where the proceedings were instituted. This court *377 might, nevertheless, assume jurisdiction if proper service had been made. But proper service is lacking here. In any case it seems to me to be the better practice to make personal service not only upon the judgment debtor but upon the persons against whom the judgment creditor seeks permission to bring suit, especially as the section provides that the order granting the permission may forbid the transfer or other disposition of the alleged debts. The motion is accordingly denied, with leave to the judgment creditor to seek permission for the commencement of the suit in the City Court, Kings County.